**Dismissed and Opinion filed August 22, 2024.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-23-00797-CV

---

### K.E.B., Appellant

### V.

### Office of the Attorney General of Texas and D.R.A., Appellees

---

**On Appeal from the 170th District Court
McLennan County, Texas
Trial Court Cause No. 2022-3571-4**

---

### OPINION

In four issues on appeal, K.E.B. (Father) argues that the associate judge erred in setting certain child support and conservatorship orders pertaining to his daughter, A.C.B. ("Amanda") in this suit affecting the parent-child relationship.[1] However, without reaching the merits, we conclude the report of the associate judge appealed by Father is not a final order and dismiss this appeal for want of

---

[1] To protect the minor's identity, we have not used the actual names of the child, parents, or other family members. *See* Tex. R. App. P. 9.8.

subject-matter jurisdiction.[2]

## I.   BACKGROUND

Amanda is the only living child of D.R.A. (Mother) and Father and was five-years old at the time of the de novo hearing in district court. Although they were never married, Mother and Father lived together for more than seven years. When their relationship ended in 2022, disputes arose over access to and support of Amanda. As a result, the office of the attorney general (OAG) filed a petition against Father seeking conservatorship and child-support orders relating to Amanda. *See* Tex. Fam. Code Ann. § 231.001 (office of attorney general is designated as state's Title IV-D agency); .002(a)(3) (Title IV-D agency may initiate legal actions needed to implement chapter 231).

### A.   Proceedings before the Title IV-D associate judge

By statute, the district court referred the case to an associate judge. *See* Tex. Fam. Code Ann. § 201.101(d) ("if an associate judge is appointed for a court under this subchapter, all Title IV-D cases shall be referred to the associate judge by a general order for each county issued by the judge of the court for which the associate judge is appointed"). The associate judge held a hearing on the merits and submitted a letter to the parties in June 2023 advising as to the findings and rulings which would be recommended. Tex. Fam. Code Ann. §§ 201.011(b), .102 (after hearing, associate judge must give participating parties notice of substance of associate judge's report). In July, the associate judge signed an order containing his

---

[2] The Supreme Court of Texas ordered the Court of Appeals for the Tenth District of Texas to transfer this appeal (No. 10-23-00316-CV) to this court. Misc. Docket No. 23-9079 (Tex. Sept. 26, 2023); *see* Tex. Gov't Code Ann. §§ 73.001, .002. Because of the transfer, we decide the case in accordance with the precedent of the transferor court under principles of stare decisis if our decision otherwise would have been inconsistent with the transferor court's precedent. *See* Tex. R. App. 41.3.

recommendations that Mother and Father were to be joint managing conservators with Mother possessing the right to determine Amanda's primary residence. The order also required Father to pay child support and established a visitation schedule for Father and Amanda.

Father filed a request for a de novo hearing in district court.[3] Tex. Fam. Code Ann. §§ 201.015(a) ("A party may request a de novo hearing before the referring court by filing with the clerk of the referring court a written request[.]"), 201.1042 (de novo hearings of Title IV-D cases).

## B. Proceedings before the district court

Father, Mother and the OAG appeared in district court and presented evidence. Tex. Fam. Code Ann. § 201.015(c) (at de novo hearing, parties may present witnesses "on the issues specified in the request for hearing"). Despite holding the hearing, the district court denied Father's motion for de novo appeal.[4] The trial court did not sign an order approving or adopting the recommendations of the associate judge.

## II. JURISDICTION

In his appellate briefing, Father challenges the child-support and visitation rulings recommended by the associate judge. Because there is no indication that

---

[3] The legislature has set up a framework under Family Code chapter 201, authorizing district courts to refer various family-law issues to associate judges. *See* Tex. Fam. Code Ann. §§ 201.001–.320. Subchapter A sets the qualifications, powers, and procedures for an associate judge. *See* Tex. Fam. Code Ann. §§ 201.001–.018. Subchapter B provides for specialized associate judges for Title IV-D cases. *See* Tex. Fam. Code Ann.§§ 201.101–.113. The record reflects that the associate judge who presided over this case was a Title IV-D associate judge.

[4] The district court utilized a form which is attached to the end of this opinion as an appendix. The form contains a number of potential provisions that a referring court can select with respect to the resolution of a de novo appeal in a child-support proceeding. However, this form does not contain any provision which would allow the recommendations of the associate judge to become final. This form could be amended to include language that a referring court can select that adopts or approves the recommendations of the associate judge.

the district court adopted or made final the recommendations of the associate judge, we sent a notice of involuntarily dismissal seeking additional briefing from the parties.

In response to this court's notice, Father filed a letter and a motion to continue the appeal. He argues the trial court did not render a final order but that this court should continue the appeal and remand the case for further proceedings, effectively asking for a new evidentiary trial. However, without a final order, this court has no jurisdiction to review any proceedings below and there is nothing to remand. The OAG has not filed a response to this court's notice or Father's letter and motion.

We consider questions of finality and jurisdiction under a de novo standard of review. *See In re Guardianship of Jones*, 629 S.W.3d 921, 924 (Tex. 2021) (per curiam). Unless a statute specifically authorizes an interlocutory appeal, an appellate court generally only has jurisdiction over a judgment that is final. *See CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011). We are not aware of any statute in the Family Code, Civil Practice and Remedies Code, or elsewhere authorizing an interlocutory appeal from an associate judge's *recommendations* in a suit affecting the parent-child relationship. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014 (enumerating certain rulings from which interlocutory appeal may be taken). Thus, we can only exercise jurisdiction over this appeal if the associate judge's signed order is a final order.

An associate judge's recommendation can become a final order in some situations, but statutory law contemplates a scheme in which the report or recommendations are not final until adopted by the referring court. For example, the law provides that the report may contain "recommendations" and be "in the form of a proposed order." *See* Tex. Fam. Code Ann. § 201.011(a). Once

4

completed, the report must be sent to the referring court. *See* Tex. Fam. Code Ann. § 201.011(e). A party may then request a de novo hearing from the referring court, where issues can be reconsidered and witnesses may be presented. *See* Tex. Fam. Code Ann. § 201.015(a), (c). If a party does not request a de novo hearing, the referring court may adopt, modify, or reject the associate judge's report; hear further evidence; or recommit the matter to the associate judge for further proceedings. *See* Tex. Fam. Code Ann. § 201.014(a). In those situations when a de novo hearing has not been requested, the associate judge's report generally becomes the final order of the referring court only upon the referring court's signature. *See* Tex. Fam. Code Ann. § 201.013(b).

As previously indicated, there are also situations in which an associate judge can render a final order on their own, without any further involvement from the referring court. The law describes these situations in two provisions. Under the first, an associate judge has the power to render and sign a final agreed order, a final default order, or a final order in a case in which a party has filed an unrevoked waiver to notice of, or appearance at, the final hearing. *See* Tex. Fam. Code Ann. § 201.007(a)(14). None of these situations apply here. Father did not agree to the form and substance of the associate judge's report, nor could a default order be rendered against Father because he affirmatively appeared at the trial. Under the second provision, an associate judge has the power to render and sign a final order if the parties sign a document in writing waiving their right to a de novo hearing before the referring court. *See* Tex. Fam. Code Ann. § 201.007(a)(16). The record affirmatively reflects that provision is also inapplicable to this case.

The associate judge first issued a letter report with his intended findings and then signed a proposed order. Although the order was not written as a recommendation and did not contain any space for the district court to approve the

5

order, we hold that the referring court was required to sign this order or take some other action to adopt or modify the order proposed by the associate judge before a final order could be rendered. *See* Tex. Fam. Code Ann. § 201.016(b) (providing that date of order or judgment signed by referring court is "the controlling date for the purposes of appeal," unless associate judge rendered agreed order, default order, or final order based on party's waiver); *In re K.M.H.*, No. 14-22-00784-CV, 2023 WL 2534517, at *2 (Tex. App.—Houston [14th Dist.] Mar. 16, 2023, no pet.) (concluding associate judge's report was not intended to be final and dismissed appeal for want of jurisdiction in parental-termination proceeding); *In re Anderson*, No. 14-05-00820-CV, 2005 WL 3074680, at *1 (Tex. App.—Houston [14th Dist.] Nov. 15, 2005) (mem. op.) (per curiam) ("The findings and recommendations of the associate judge do not become the order of the referring court until the referring court signs an order.").

### III.   CONCLUSION

Holding there is no final order, we dismiss this appeal for want of subject-matter jurisdiction.


/s/      Charles A. Spain
          Justice


Panel consists of Chief Justice Christopher and Justices Spain and Poissant.

# APPENDIX

## ORDER ON DE NOVO APPEAL

On the _____ day of _____, _____, the Court held a hearing in this cause.

The Office of the Attorney General appeared by its Attorney of Record.

[Mother] *mother* of the child, hereinafter referred to as Obligee,

□        appeared □ in person □ virtually □ telephonically (and by attorney _____);

□        agreed to the entry of these orders as evidenced by her signature;

□        although duly notified, did not appear.

[Father] father of the child, hereinafter referred to as Obligor,

□        appeared □ in person □ virtually □ telephonically (and by attorney _____);

□        agreed to the entry of these orders as evidenced by his signature;

□        although duly notified, did not appear.

It is FOUND that the Court has jurisdiction of the partes and the subject matter of this suit, and that the following orders are in the best interest of the child.

A record of the proceedings was:

□        waived by the parties with the consent of the court.

□        made by Court Reporter.

□        IT IS ORDERED that the motion is DENIED.

□        IT IS ORDERED that the motion is GRANTED and that a new trial is GRANTED.

□        IT IS ORDERED that the motion is partially GRANTED and that a new trial is GRANTED with respect to the following issues:

Date Signed: _____

_____
JUDGE PRESIDING